IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES M. BROADHEAD, #224802, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>)<br>ANGELA MIREE, et al., )<br>)<br>    Respondents. ) | CASE NO. 2:14-CV-641-MHT<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James M. Broadhead ["Broadhead"], a frequent federal litigant, presently incarcerated at the Donaldson Correctional Facility ["Donaldson"]. In the instant complaint, Broadhead alleges that he was subjected to the use of excessive force on April 18, 2014 at Donaldson. Specifically, Broadhead asserts that four correctional officers "beat and struck [him] with security sticks" over 960 times resulting in his placement "in[to] free world hospital, [Cooper Green Hospital in Birmingham, Alabama,] where he had a broken arm in (3) places, and staples in the head and (3) or (4) teeth[] was knocked out, as there was threats on the plaintiff life the plaintiff was transferred for his safety as the plaintiff had fracture to his feet and ankle area...." *Complaint - Doc. No. 1* at 5-6. Broadhead seeks monetary damages for the alleged violation of his constitutional rights and criminal prosecution of

the defendants. *Id*. at 4, 6.

## II.  RELEVANT CASE HISTORY[1]

In June of 2011, Broadhead filed a civil action with this court in which he raised the exact same claims for relief, i.e., struck by four correctional officers over 900 times, transferred to Cooper Green Hospital with "a broken arm in (3) places, and staples in the head, and (3) or (4) teeth was knocked out, as there was threats on the plaintiff life the plaintiff was transferred for his safety as the plaintiff had fracture to his feet and ankle area...." *Broadhead v. Dozier, et al.,* Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) - *Complaint - Doc. No. 1* at 4. In this previous cause of action, Broadhead stated the assault occurred at Kilby Correctional Facility on June 17, 2011 whereas in the instant complaint he maintains the assault occurred at Donaldson Correctional Facility. Additionally, Broadhead filed two other civil actions with this court in 2011 alleging substantially similar claims for relief with the only differences in each of these complaints being the date of the alleged incident and the individuals named as defendants. *Broadhead v. Woodard, et al.,* Case No. 2:11-CV-341-MEF-TFM  (M.D. Ala. 2012) (incident alleged to have occurred at Kilby on April 20, 2011); *Broadhead v. Norris, et al.,* Case No. 2:11-CV-490-MEF-TFM  (M.D. Ala. 2012) (incident alleged to have occurred on March 13, 2010 at Kilby). Moreover, Broadhead has filed six other civil actions with this court since the beginning of the year raising

---

[1] This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

substantially similar claims for relief but again identifying different defendants and/or facilities where the alleged assault occurred. *Broadhead v. Babers et al.,* Case No. 2:14-CV-49-WHA-TFM (M.D. Ala. 2014) and *Broadhead v. Babers et al.,* Case No. 2:14-CV-210-MEF-TFM (M.D. Ala. 2014) (incident alleged to have occurred during a prior stint of confinement at Bullock); *Broadhead v. Olds, et al.,* Case No. 2:14-CV-367-MEF-TFM (M.D. Ala. 2014) and *Broadhead v. Olds, et al.,* Case No. 2:14-CV-393-MEF-TFM (M.D. Ala. 2014) (incident alleged to have occurred sometime in 2013 at Donaldson); *Broadhead v. Rodgers, et al.,* Case No. 2:14-CV-676-MHT-TFM (M.D. Ala. 2014) and *Broadhead v. Miree, et al.,* Case No. 2:14-CV-677-MHT-TFM (M.D. Ala. 2014) (incident alleged to have occurred on June 20, 2014 at Donaldson but at the hands of completely different defendants).

A review of district court records for this court and the other federal courts of this state indicate that Broadhead has filed at least twenty-seven (27) other cases alleging a similar claim of excessive force and asserting identical injuries as those set forth in the instant complaint.[2] Although the cases differ in various certain details, i.e., the location of

---

[2] *See Broadhead v. Babers, et al.*, Case No. 2:14-CV-210-MEF-TFM (M.D. Ala.); *Broadhead v. Hicks, et al.*, Case No. 2:12-CV-2369-JHH-RRA (N.D. Ala.); *Broadhead v. Price, et al.*, Case No. 2:12-CV-2193-IPJ-RRA (N.D. Ala.); *Broadhead v. Byres, et al.*, Case No. 4:12-CV-644-KOB-RRA (N.D. Ala.); *Broadhead v. Baker, et al.*, Case No. 4:12-CV-585-SLB-RRA (N.D. Ala.); *Broadhead v. Norris, et al.*, Case No. 2:11-CV-490-MEF-TFM (M.D. Ala.); *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala.); *Broadhead v. Woodard, et al.*, Case No. 2:11-CV-341-MEF-TFM (M.D. Ala.); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1152-WMA-RRA (N.D. Ala.); *Broadhead v. Carter, et al.*, Case No. 4:10-CV-1142-AKK-RRA (N.D. Ala.); *Broadhead v. Miles, et al.*, Case No. 4:10-CV-1141-JHH-RRA (N.D. Ala.); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1028-AKK-RRA (N.D. Ala.); *Broadhead v. Malone, et al.*, Case No. 4:10-CV-806-JHH-RRA (N.D. Ala.); *Broadhead v. McKay, et al.*, Case No. 4:10-CV-751-RRA (N.D. Ala.); *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala.); *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala.); *Broadhead v. Wise, et al.*, Case No. 4:10-CV-388-IPJ-RRA (N.D. Ala.); *Broadhead v. Brown, et al.*, Case

the incident, the four correctional officers involved and/or the precise number of 900-plus times Broadhead was struck with security sticks, the underlying allegation of the precise nature of the force used remains constant in each case.  Additionally, despite Broadhead's attestations that the incident at issue occurred on numerous separate occasions from approximately September of 2008 until sometime in 2014, Broadhead asserts that he suffered the exact same injuries - an arm broken in three places, staples in his head, three or four teeth knocked out, and fractures to his feet and ankle areas - and maintains that on each occasion he was transported to Cooper Green Hospital for treatment of these injuries.

### III.  DISCUSSION

Upon initiating this case, Broadhead did not pay the $350.00 filing fee and attendant $50 administrative fee nor did he file an application for leave to proceed *in forma pauperis*. In cases with these deficiencies, the usual practice of this court is to enter an order advising the plaintiff that he must pay the full filing fee and concomitant administrative fee or submit an application to proceed *in forma pauperis*.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought

---

No. 4:10-CV-350-VEH-RRA (N.D. Ala.); *Broadhead v. Swain, et al.*, Case No. 4:10-CV-113-AKK-RRA (N.D. Ala.); *Broadhead v. Richburg, et al.*, Case No. 4:10-CV-54-IPJ-RRA (N.D. Ala.); *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala.); *Broadhead v. Swain, et al.*, Case No. 4:09-CV-2606-SLB-RRA (N.D. Ala.); *Broadhead v. Northcutt, et al.*, Case No. 4:09-CV-2512-SLB-RRA (N.D. Ala.); *Broadhead v. Michael, et al.*, Case No. 4:09-CV-2473-VEH-RRA (N.D. Ala.); *Broadhead v. Griggs, et al.*, Case No. 1:10-CV-241-CG-C (S.D. Ala.); *Broadhead v. Heinz, et al.*, Case No. 1:10-CV-129-KD-B (S.D. Ala.); and *Broadhead v. Mixon, et al.*, Case No. 1:10-CV-12-WS-C (S.D. Ala.).

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[3]  Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Broadhead, while incarcerated or detained, has on at least four occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit.  The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are:  (1) *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (complaint malicious); (2) *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010) (complaint frivolous; (3) *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010) (complaint frivolous); and (4) *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-

---

[3]In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.), *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

RRA (N.D. Ala. 2010) (complaint frivolous).

Upon review of the present complaint and the numerous other civil actions filed by Broadhead in this and the other federal courts of this state alleging the same factual basis for relief, the court finds that Broadhead fails to demonstrate that he "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury....'"). Thus, if Broadhead sought leave to proceed *in forma pauperis* he would not be allowed to do so.

Based on the foregoing, the court concludes that this case is due to be summarily dismissed without prejudice as Broadhead failed to pay the requisite filing and administrative fees upon initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he

*initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the filing and administrative fees upon initiation of this case.

It is further

ORDERED that on or before July 31, 2014 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of July, 2014.

 /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE